**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

THOMAS A. MYERS,                    )
                                    )
              Plaintiff,            )
                                    )
      v.                            )        Case No. 1:25-cv-02122-TWP-MJD
                                    )
JOHN M. FEICK (In his individual and official  )
capacity),                          )
                                    )
              Defendant.            )

## ORDER DENYING MOTION TO APPEAL IN FORMA PAUPERIS

This matter is before the Court on Plaintiff Thomas Myers' ("Myers") *pro se* Motion to Proceed In Forma Pauperis without Prepayment of Filing Fee for Appeal of Final Judgment (Dkt. 18). For the reasons explained below, the Motion is **denied**.

Myers initiated this Section 1983, the ADA, and the Rehabilitation Act action against Defendant John M. Feick ("Judge Feick"), the judge who presided over his 2017 criminal case (*See Indiana v. Myers*, No. 18C04-1709-CM-000129 (Del. Cir. Ct. Sept. 22, 2017) and 2019 criminal case (*See Indiana v. Myers*, No. 18C04-1902-F6-000131 (Delaware Cir. Ct. Feb. 7, 2019). Myers alleged that Judge Feick was involved in a "collusion" when Judge Feick denied Myers' request for discovery in the 2017 case (Dkt. 1 at 4). And he alleged that Judge Feick violated his civil rights by allowing the state to voluntarily dismiss the 2019 Criminal Case in December 2020, *Id*. at 5-6.

On January 15, 2026 the Court screened Myers complaint and explained the action was subject to dismissal for three reasons. First, to the extent Myers' claims challenge or seek to set aside prior state court decisions, those claims are barred by the *Rooker-Feldman* doctrine. (Dkt. 11 at 5). Second, Judge Feick is entitled to absolute judicial immunity because the challenged actions

are "judicial in nature." *Brunson v. Murray*, 843 F.3d 698, 710 (7th Cir. 2016); see *Mireles v. Waco,* 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *Id*. at 5-6. Third, Myers' claims are barred by the applicable statutes of limitations because under Indiana law, the statutes of limitations for claims under Section 1983, the ADA, and the Rehabilitation Act are all two years. *Id. at 6*. The Court dismissed this action for lack of jurisdiction and final judgment was entered that same day. (Dkt. 12).

On February 12, 2026 Myers filed a Motion for Extension of Time for Filing Appellate Brief (Dkt. 16), and a Motion to Proceed on Appeal in Forma Pauperis (Dkt. 18). The Court granted Myers an extension of time of fourteen (14) days from the date of the February 18, 2026 Order, to file a notice of appeal and explained that the request to appeal in forma pauperis would remain pending until Myers initiates an appeal, or until the time to do so has passed. (Dkt. 19 at 5). That deadline expired on March 4, 2026 and to date, no notice of appeal has been filed.

Because Myers has not filed a Notice of Appeal, the motion is **denied as premature,** because a notice of appeal must first be filed before a court can grant in *forma pauperis* status.

And even if he had filed a timely notice of appeal, the Motion would be **denied** because Myers claims against Judge Feick are frivolous and not made in good faith. "An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Good faith" within the meaning of § 1915 is judged by an objective, not a subjective, standard. *See Thomas v. Zatecky*, 712 F.3d 1004, 1006 (7th Cir. 2013) (stating that bad faith is a phrase that is understood to mean objective frivolousness). There is no objectively reasonable argument Myers could present to show that the disposition of this action was erroneous, "which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000).

There is no objectively reasonable argument that Myers could present to show that the disposition of this action was erroneous. *See Celske v. Edwards*, 164 F.3d 396, 397 (7th Cir. 1999)(Where plaintiff's suit was both untimely and barred by absolute immunity; it was clearly foreclosed, and in these circumstances, with no argument by the plaintiff that he had some colorable ground for appealing, the inference of bad faith was compelling.)

For these  reasons, Myers' Motion to Proceed In Forma Pauperis without Prepayment of Filing  Fee for Appeal of Final Judgment, Dkt. [18], is **DENIED**.

   **IT IS SO ORDERED.**

  Date: 4/7/2026

                  Hon. Tanya Walton Pratt, Judge
                  United States District Court
                  Southern District of Indiana

Distribution:

THOMAS A. MYERS
2013 Lazycreek
Muncie, IN 47302